UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WESLEY YOUNG, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:14-cv-491-JMS-MJD |
| ANDREW COLE, Assistant Superintendent of Re-Entry, et al., | ) |
| Defendants. | ) |

**Entry Discussing Complaint, Dismissing Insufficient Claims, and Directing Service of Process**

**I. Background**

The plaintiff, Wesley Young ("Mr. Young"), is incarcerated at the Pendleton Correctional Facility. He brings this civil rights complaint pursuant to 42 U.S.C. § 1983. He has named as defendants Andrew Cole, Assistant Superintendent of Re-Entry; Dushan Zatecky, Superintendent; and Jack Binion, Administrative Assistant. He sues the defendants in their individual and official capacities. He seeks compensatory damages, punitive damages, and injunctive relief.

Mr. Young challenges a disciplinary proceeding in which he was found guilty of violating a prison rule and was ultimately sanctioned with the permanent loss of non-contact visitation rights. He alleges that his visitation rights were denied for a period of six months in 2009 after he was found guilty in a disciplinary proceeding for unlawful possession of an electronic device. He further alleges that his visitation rights were denied for a period of a year after another conduct violation in 2012, and they were taken permanently in 2013 after a third

conduct violation. All of Mr. Young's claims are grounded in his allegation that the defendants have unlawfully deprived him of and/or failed to reinstate his visitation rights. He asserts violations of his First, Eighth, and Fourteenth Amendment rights.

Mr. Young has paid the initial partial filing fee. The complaint is now subject to the screening required by 28 U.S.C. ' 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007). Applying this standard, certain claims must be dismissed while one claim shall proceed as submitted.

## II. Screening of Complaint

### A. Dismissed Claims

Mr. Young's **First Amendment claim is dismissed** for failure to state a claim upon which relief can be granted. He alleges that his First Amendment rights were violated because the defendants were biased against him. Inmates do not have an unlimited right to visitation while in prison. *See Overton v. Bazzetta,* 539 U.S. 126, 131 (2003) ("freedom of association is among the rights least compatible with incarceration" and "some curtailment of that freedom must be expected in the prison context."). The Constitution allows prison officials to impose reasonable restrictions on a prisoner's constitutional rights, including visitation, if such a policy is rationally related to legitimate penological interests. *Id.* at 132. Mr. Young's visitation rights were allegedly denied in a progressive manner only after he was found guilty of at least three

conduct reports. The First Amendment does not protect against any alleged "bias" under these circumstances.

Mr. Young's **Eighth Amendment claim is dismissed** for failure to state a claim upon which relief can be granted because the Eighth Amendment does not impose a duty on prison officials to reverse a disciplinary conviction with which an inmate disagrees. "The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement." *Knight v. Wiseman,* 590 F.3d 458, 463 (7th Cir. 2009). No allegations in the complaint rise to the level of inhumane treatment.

Mr. Young's **Fourteenth Amendment due process claim is dismissed** for failure to state a claim upon which relief can be granted because inmates do not have a liberty interest in having access to visitors. Therefore, they are not entitled to due process before they lose visitation privileges. *Kentucky Dept. of Corrections v. Thompson,* 490 U.S. 454, 461 (1989) (denial of access to a particular visitor is not independently protected by the Due Process Clause); *Lekas v. Briley,* 405 F.3d 602, 611-12 (7th Cir. 2005) (deprivation of visits is not an atypical and significant hardship sufficient to trigger due process protections); *DeWalt v. Carter,* 224 F.3d 607, 613 (7th Cir. 2000). When no recognized liberty or property interest has been taken, which is the case here, the confining authority "is free to use any procedures it choses, or no procedures at all." *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001).

**Any claims for damages against the defendants in their official capacities are dismissed** because an official-capacity claim is effectively a suit against the governmental entity employing the defendant, *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir.1992), and the State (or a state agency) cannot be sued in federal court due to Indiana's Eleventh Amendment immunity. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985); *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th

Cir. 2003); *Billman v. Indiana Dept. of Corrections,* 56 F.3d 785, 788 (7th Cir. 1995). Claims for injunctive relief, however, are properly brought against the defendants in their official capacities.

### B. Claim that Shall Proceed

Mr. Young alleges that his visits were denied because of his race. **His equal protection claim under the Fourteenth Amendment shall proceed against all three defendants.**

### III. Service of Process

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c) to issue process to defendants Assistant Superintendent Andrew Cole, Superintendent Dushan Zatecky, and Jack Binion, in the manner specified by Rule 4(d). Process shall consist of the complaint filed on March 28, 2014 (docket 1), the attachments thereto, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 04/22/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**

Distribution:

Wesley Young
#963551
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN   46064-9001

Assistant Superintendent Andrew Cole
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN   46064-9001

Superintendent Dushan Zatecky
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN   46064-9001

Jack Binion
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN   46064-9001